Sadye F. Bayer and Jonas Schwab, Suing on Behalf of Themselves and All Other Stockholders of American Ship & Commerce Corporation, etc., Plaintiffs, *v.* William T. Smtih and Others, Defendants.

Supreme Court, Special Term, New York County, June 26, 1942.

*Louis Boehm* [*Louis Boehm* and *B. D. Fischman* of counsel], for the plaintiffs.

*Proskauer, Rose & Paskus* and *Clark, Carr & Ellis* [*Joseph M. Proskauer, J. Alvin Van Bergh, Eugene Eisenman* and *Paul A. Crouch* of counsel], for the defendants.

Levy, J. This is a motion pursuant to rule 107 of the Rules of Civil Practice to dismiss the amended complaint on the ground of *res judicata.* The defendants contend that the judgment entered in Kings county in an action brought by another stockholder of the defendant American Ship & Commerce Corporation, in favor of the defendants, is a bar to the prosecution of the present action based upon the same transactions as those which formed the basis of the Kings county action.

It is undenied that the stockholder who instituted the Kings county action did not appear at the trial, either to present evidence

in support of the allegations of his complaint or to oppose counterclaims set up by various defendants.

The defendants contend that the judgment entered in the Kings county action, nevertheless, properly dismissed the complaint "on the merits," in view of the fact that proof was offered in support of various affirmative defenses and counterclaims interposed by defendants, which were upheld by the trial court. Although the proceedings were equivalent to an inquest upon the counterclaims, as far as the plaintiff in the Kings county action was concerned, the defendant American Ship & Commerce Corporation, against which the counterclaims were asserted, was represented by counsel at the trial. The motion recently made by the plaintiffs in the present action to strike out the words "on the merits" from the judgment in the Kings county action has been denied by Mr. Justice STEINBRINK, who presided at the trial.

For the purposes of the present motion to dismiss the amended complaint it will be assumed that the Kings county judgment properly contained the words "on the merits" and that the subsequent application to strike out those words was properly denied. Support for this view may be found in the fact that the counterclaims against American Ship & Commerce Corporation were litigated in the course of a trial in which counsel for that company participated. The real defendant as to the counterclaims was the company rather than the defaulting plaintiff, who was merely one of its stockholders.

It does not, however, follow that the judgment on the merits entered in the Kings county action is a bar to the prosecution of the cause of action asserted in the present amended complaint. That pleading alleges (¶¶ 41–50, inclusive) that American Ship & Commerce Corporation was represented at the trial by a firm of attorneys selected by the very directors who were charged with the wrongful acts upon which the action was based, and who were named as defendants therein. It further alleges that one of the members of the firm of attorneys representing the corporation was himself one of the wrongdoing directors and was in addition personal counsel for other defendants in the action. It is further charged in the amended complaint that in furtherance of a conspiracy to defraud the corporation the attorneys thus retained hindered the prosecution of the action and failed to protect the interests of the company in various ways. They served an answer to the complaint in which they requested dismissal of the action brought for the benefit of the corporation. They opposed and obstructed plaintiff's efforts to examine the defendants before trial. When the plaintiff failed to appear at the trial they made no

effort to offer proof in support of the allegations of the complaint, although their client, the corporation, was the real plaintiff. It is further alleged that, although there were various valid defenses to the counterclaims set up by various defendants, the attorneys retained by the wrongdoing directors to represent the corporation failed to interpose such defenses and deliberately failed to protect the corporation against the counterclaims.

If these allegations of the amended complaint are true, as they must be deemed to be in the present state of the record, the judgment entered in the Kings county action should not bar a stockholder's derivative action against the alleged wrongdoers. It is well settled that a court of equity will grant relief where it appears that in litigation between a corporation and alleged wrongdoing directors and officers the protection of the interests of the corporation is intrusted to or controlled by those very directors and officers. (*Wile* v. *Burns Bros.*, 239 App. Div. 59.) In such a situation a plenary action may be brought by a stockholder so that the merits of the claims of wrongdoing may be determined, free from collusion between the alleged wrongdoers and the corporation which they control. If necessary, a collusive judgment previously obtained may be vacated in the new action. It would be manifestly unjust and inequitable to hold that all the stockholders of American Ship & Commerce Corporation are barred from obtaining a judicial determination of a claim that corporate assets have been misappropriated by a judgment obtained in an action in which the interests of the corporation were not represented by any disinterested stockholder, director or officer, but only by the wrongdoing directors and officers themselves. Finally, it may be added that the question whether the trial before Mr. Justice STEINBRINK was collusive was never before him.

The motion to dismiss is denied, with leave to answer within ten days from the service of a copy of this order, with notice of entry.